UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiff,

v.

BREANNE CARAWAY, et al.,

                Defendants.

CASE NO. 2:19-cv-375-RSM-BAT

**REPORT AND RECOMMENDATION**

Before the Court is plaintiff's second *pro se* complaint seeking 42 U.S.C. § 1983 relief for the same violations alleged in his first complaint. Dkt. 5. By separate order the court has granted plaintiff permission to proceed *in forma pauperis*. Dkt. 4. For the reasons below, the Court recommends **DISMISSING** the complaint in this case without prejudice.

Plaintiff, a former inmate of the Washington State Department of Corrections, and a current prisoner confined at the Snohomish County Jail, filed a complaint seeking 42 U.S.C. § 1983 relief on March 13, 2019. *Id.* Plaintiff filed a virtually identical complaint in August 2018 in which he named defendants Breanne Caraway, Jeff Stringham, Asen Deshev, and Jack Warner as defendants. *See Eckard v. Caraway*, C18-1260-TSZ, Dkt. 1, 6. The 2018 complaint alleged defendants violated plaintiff's rights on August 16, 2018, when a USA Today newspaper was not delivered to plaintiff. Dkt. 6 at 3.

In December 2018, defendants moved to dismiss the 2018 complaint on the grounds plaintiff failed to exhaust his administrative remedies. *See* Dkt. 16 (2018 case). On February 20,

REPORT AND RECOMMENDATION - 1

2019, the Court filed a Report and Recommendation that the District Judge dismiss the case because it is undisputed plaintiff did not file a grievance regarding the undelivered newspaper and in fact made no attempt to exhaust his administrative remedies. Dkt. 25 (2018 case). The matter is currently pending before the Honorable Thomas S. Zilly.

The complaint now before the Court names the same defendants and raises the same claim. Dkt. 5. Realizing the failure to exhaust administrative remedies bars a prisoner from bringing any action regarding prison conditions under §1983 or any other Federal law, plaintiff avers in the present complaint:

> Plaintiff Eckard was released from prison on September 4, 2018. He is no longer required to exhaust administrative remedies under the exhaustion rule of 42 U.S.C. Section 1997(e)(a).

*Id*. at 3. The contention is meritless.

The Prison Litigation Reform Act ("PLRA") "requires that a prisoner challenging prison conditions exhaust available administrative remedies before filing suit." *Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014) (en banc) (citing 42 U.S.C. § 1997e(a).[1] The definition of "prisoner" in regards to the PLRA is explicit: "As used in this section [28 U.S.C. § 1915], the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28 U.S.C. § 1915(h); *see also* 42 U.S.C. § 1997e(h) (identical language). Hence a civil litigant is a "prisoner"

---

[1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)

REPORT AND RECOMMENDATION - 2

1  if he or she is "currently detained as a result of accusation, conviction, or sentence for a criminal
2  offense." *Page v. Torrey*, 201 F,3d 1136, 1139 (9th Cir. 2000).

3  Plaintiff is a "prisoner" because he is detained at the Snohomish County jail, pending the
4  adjudication of criminal charges or serving a criminal sentence. The fact plaintiff is no longer
5  detained in the Department of Corrections is irrelevant because this does not alter the plain fact
6  that plaintiff is a "prisoner" as the term is used under the PLRA, when he filed the instant
7  complaint, and is still a "prisoner." Because the PLRA exhaustion requirement applies with full
8  force to plaintiff, and because he failed to exhaust his administrative remedies (as set forth in the
9  report and recommendation filed in *Eckard v. Caraway*, C18-1260-TSZ), the present complaint
10 should be dismissed without prejudice.

## CONCLUSION

12 The Court accordingly recommends dismissing the complaint without prejudice. Leave to
13 amend the complaint should not be granted. First, this the complaint is a duplicate of the action
14 plaintiff filed in 2018 and which is currently pending before another district judge. And second,
15 no amendment will alter the fact that plaintiff is currently a prisoner, and that the complaint is
16 accordingly barred because plaintiff has not exhausted his administrative remedies.

17 This Report and Recommendation is not an appealable order. Therefore a notice of
18 appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
19 assigned District Judge enters a judgment in the case.

20 Objections, however, may be filed and served upon all parties no later than **March 29,**
21 **2019.** The Clerk should note the matter for **March 29, 2019**, as ready for the District Judge's
22 consideration. Objections shall not exceed five (**5**) pages. The failure to timely object may affect
23 the right to appeal.

REPORT AND RECOMMENDATION - 3

DATED this 15th day of March, 2019.

                                                                                        BRIAN A. TSUCHIDA  
                                                                                        Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4